UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-11010-RGS

EDWARD C. BOHANNON
and KELLY A. BOHANNON

v.

CENLAR, FSB
and CITIMORTGAGE, INC.

MEMORANDUM AND ORDER ON
CROSS-MOTIONS FOR SUMMARY JUDGMENT

February 21, 2023

STEARNS, D.J.

Plaintiffs Edward C. Bohannon and Kelly A. Bohannon bring this action against defendants Cenlar, FSB and CitiMortgage, Inc., asserting that defendants breached the terms of plaintiffs' mortgage (the Mortgage) by failing to satisfy a condition precedent to acceleration and foreclosure. The parties cross-move for summary judgment pursuant to Fed. R. Civ. P. 56. For the following reasons, the court will allow defendants' motion and deny plaintiffs' motion.

Massachusetts law requires a mortgagee selling under a power of sale to strictly follow its terms. *Thompson v. JPMorgan Chase Bank, N.A.*, 486 Mass. 286, 291 (2020). But "strict compliance does not require a mortgagee

to 'demonstrate punctilious performance of every single mortgage term.'" *Id.* at 292, quoting *Pinti v. Emigrant Mortg. Co.*, 472 Mass. 226, 235 (2015). "[M]ortgage terms requiring strict compliance are limited to (1) terms directly concerned with the foreclosure sale authorized by the power of sale in the mortgage, and (2) those prescribing actions the mortgagee must take in connection with the foreclosure sale — whether before or after the sale takes place." *Pinti*, 472 Mass. at 235.

Here, defendants did not expressly inform plaintiffs, as required by paragraph 16, that "failure to cure such breach on or before the date specified in the notice may result in . . . foreclosure by judicial proceeding" or that the borrower has the "right to assert in the foreclosure proceeding the nonexistence of a default or any other defense of borrower to acceleration and foreclosure." Mortgage (Dkt # 13-1 at 17-24) ¶ 16. Yet, the court declines to find the notice deficient on such grounds. As a preliminary matter, the court cannot credit plaintiffs' suggestion that the Mortgage mandated recitation of this language in the notice of default given the failure of plaintiffs' own proffered example of "proper" notice to include it.[1]

---

[1] A statement that defendants are waiving foreclosure by judicial proceeding is, by its very nature, not informing plaintiffs that defendants may foreclose by judicial proceeding and that they may assert defenses in that proceeding. *See* Pls.' Mot. (Dkt # 21) at 7-8; Pls.' Opp'n (Dkt # 16) at 8. It is providing for the exact opposite.

Even setting this inconsistency aside, plaintiffs' admissions doom their claims. Plaintiffs appear to agree that there are a set of circumstances under which defendants would be "entitled to exercise the statutory power of sale under the terms of the Mortgage" – i.e., that the Mortgage does not unambiguously require foreclosure by judicial proceeding.[2] Pls.' Resp. to Defs.' Requests for Admission (Dkt # 13-2) ¶ 29. The notices issued by defendants clearly informed plaintiffs of all rights and obligations relevant to foreclosure by statutory power of sale – namely, that they "may be evicted from [their] home after a foreclosure sale" and that they "have the right to bring a court action to assert the non-existence of a default, or any other defense you may have to acceleration." Notices of Default (Dkt # 13-1 at 33-42). It would elevate form over substance to require defendants to notify plaintiffs about an alternative foreclosure process that they would not (and were not required to) receive. If anything, it might risk rendering the notice of default misleading, implying that a judicial foreclosure proceeding is imminent. *Cf. Aubee v. Selene Fin. LP*, 56 F.4th 1, 8-9 (1st Cir. 2022) (finding notice that "[y]ou have . . . the right to assert in the foreclosure proceeding

---

[2] To the extent plaintiffs seek to withdraw this admission, the court reaches the same conclusion even without it. Plaintiffs argue in their briefing that "theoretically the Defendants 'were' entitled to invoke the Statutory Power of Sale if proper notice was given," which effectively places them in the same position. Pls.' Mot. at 7-8; Pls.' Opp'n at 7-8.

3

the non-existence of a default and/or the right to bring a court action to assert the non-existence of a default or any other defense" misleading because it does not make "clear that the right to assert defenses 'in the foreclosure proceeding' is unavailable in a non-judicial foreclosure").

As to alleged ambiguity regarding the right of reinstatement in the notice of acceleration, plaintiffs do "not cite any case law holding that a foreclosure is void as a result of conditional language in a notice of acceleration that describes the borrower's rights to reinstate after acceleration." *Peckham v. SN Servicing Corp.*, 2022 WL 16924092, at *2 (D. Mass. Nov. 14, 2022), quoting *Stephens v. Rushmore Loan Mgmt. Servs., LLC*, 2022 WL 1608470, at *5 (D. Mass. May 20, 2022). The claim accordingly fails.

## ORDER

For the foregoing reasons, defendants' Motion for Summary Judgment is <u>ALLOWED</u> and plaintiffs' Motion for Summary Judgment is <u>DENIED</u>. The court enters judgment against plaintiffs on all claims.

SO ORDERED.

<u>Richard G. Stearns</u>
UNITED STATES DISTRICT JUDGE